545 So.2d 466 (1989)
Antonio MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1510.
District Court of Appeal of Florida, Fourth District.
June 21, 1989.
*467 Richard, L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
We reverse the conviction and sentence of appellant, Antonio Martinez, because the trial court erred in not granting Martinez' motion to suppress. The record demonstrates that Martinez' statements were not voluntarily made but were the product of coercion and intimidation. Viewing the evidence in its totality, the state failed to establish by a preponderance of the evidence that Martinez' confession was "the product of an essentially free and unconstrained choice." Culombe v. Connecticut, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037, 1057 (1961).
The record in this case clearly indicates that Martinez did not initially intend to confess to the crime of the "Orange Grove Murder," the crime upon which this conviction is based. Martinez, an illegal alien with an extremely limited education, was in custody on an unrelated charge when the police initiated an interrogation of him regarding the "Orange Grove Murder." Although Martinez agreed to speak to the police, when he was requested to do so, he denied any involvement in the "Orange Grove Murder." The police further pursued the matter, however, by asking Martinez if he would take a polygraph test, and by telling him that "if he tells [the police] what happened, he wouldn't be in any more trouble than he already was" in now. During the polygraph examination, Martinez continued to deny any involvement in the "Orange Grove Murder." Finally, even after the examination was completed and the polygraphist accused Martinez of having lied during the examination, Martinez held fast to his position and would not confess to the crime.
Nevertheless, the police ultimately elicited a confession from Martinez after telling him, among other things, that he "could wind up" in the electric chair if he was not truthful with the police. Although the polygraphist claimed he mentioned the electric chair to advise Martinez of an option which was available to the state, he failed to mention any other option available to the state. Thus, raising the spectre of the electric chair was not simply intended to be informative, but to unduly emphasize this particular option, and psychologically coerce Martinez into confessing to the crime.
Moreover, after having examined the polygraph results, the polygraphist told Martinez that it was "impossible" that he was being truthful. He also told Martinez that the state had many witnesses against him, and that "everybody has already said what they had to say and you're going to wind up in a problem and you will be the only one that's going to wind up in problems." Thus, the polygraphist exerted improper influence over Martinez by emphasizing that both the polygraph results and the state's witnesses would contradict his story, and by telling him that he was going to wind up in a problem. See Brewer v. State, 386 So.2d 232, 235-36 (Fla. 1980).
Viewing the circumstances surrounding the interrogation in their totality, we conclude that the confession which was ultimately elicited from Martinez was not "the product of an essentially free and unconstrained choice." Accordingly, we reverse Martinez' conviction and sentence and remand for a new trial absent the confession.
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY and GLICKSTEIN, JJ., concur.